**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| ANTHONY GRAVES,<br><br>    Plaintiff<br><br>v.<br><br>NOVO NORDISK INC. and NOVO NORDISK A/S,<br><br>    Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## <u>IDENTIFICATION OF PARTIES</u>

**<u>Plaintiff(s)</u>**

      1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): <u>Anthony Tony Graves</u>     <u>     </u>.

      2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: <u> N/A                  </u>, as _____ of the estate of _____, deceased.

      3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): <u> N/A                </u>.

      4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: <u> N/A              </u>.

**<u>Defendant(s)</u>**

      5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

          <u> X </u> Novo Nordisk Inc.

          <u> X </u> Novo Nordisk A/S

          <u>     </u> Eli Lilly and Company

          <u>     </u> Lilly USA, LLC

          <u>     </u> other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a

Decedent, Decedent's last permanent residence):

Zebulon, North Carolina

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

New Jersey

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA

Product(s) at issue:

New Jersey

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Zebulon, North Carolina

10.     Jurisdiction is based on:

  X    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____   other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form

Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Eastern District of North Carolina

12.     Venue is proper in the District Court identified in Paragraph 11 because:

  X    a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

___ N/A _____

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__   Ozempic (semaglutide)

    _____   Wegovy (semaglutide)

    _____   Rybelsus (oral semaglutide)

    _____   Victoza (liraglutide)

    _____   Saxenda (liraglutide)

    _____   Trulicity (dulaglutide)

    _____   Mounjaro (tirzepatide)

    _____   Zepbound (tirzepatide)

    _____   Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic:  Approximately June 2020 – March 2023_____

_____

_____

_____

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

__X__ Other gastro-intestinal injuries (specify): <u>Nausea/Vomiting</u>_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

__X__ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__X__ Additional/Other(s) (specify): <u>Abdominal Pain/Distension</u>_____

_____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

<u>Small Bowel Obstruction (April 2023)</u>_____

<u>Nausea & Vomiting (April 2023)</u>_____

<u>Abdominal Pain/Distension (April 2023)</u>_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    __X__ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

\_\_\_\_\_  Count I:    Failure to Warn – Negligence

\_\_\_\_\_  Count II:    Failure to Warn – Strict Liability

\_\_X\_\_  Count III:    Breach of Express Warranty/Failure to Conform to Representations

\_\_\_\_\_  Count IV:    Breach of Implied Warranty

\_\_X\_\_  Count V:    Fraudulent Concealment/Fraud by Omission

\_\_X\_\_  Count VI:    Fraudulent/Intentional Misrepresentation

\_\_\_\_\_  Count VII:    Negligent Misrepresentation/Marketing

\_\_\_\_\_  Count VIII: Strict Product Liability Misrepresentation/Marketing

\_\_\_\_\_  Count IX:    Innocent Misrepresentation/Marketing

\_\_\_\_\_  Count X:    Unfair Trade Practices/Consumer Protection (see below)

\_\_\_\_\_  Count XI:    Negligence

\_\_\_\_\_  Count XII:  Negligent Undertaking

\_\_X\_\_  Count XIII: State Product Liability Act (see below)

\_\_\_\_\_  Count XIV: Wrongful Death

\_\_\_\_\_  Count XV:  Loss of Consortium

\_\_\_\_\_  Count XVI: Survival Action

\_\_\_\_\_  Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.     If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

　　a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

　　　　N/A

　　b.   Identify the factual allegations supporting those claims (by subsection, if applicable):

　　　　N/A

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       N.C. Gen. Stat. §§ 99B-1(3), 99B-2, 99B-5(a), and 99B-6.

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       Count I: Negligent Failure to Warn; Count IV: Breach of Implied Warranty; Count VII: Negligent Misrepresentation/Marketing; Count IX: Innocent Misrepresentation/Marketing; Count XI: Negligence; and Count XII: Negligent Undertaking

    c.  Identify the factual allegations supporting those claims:

       See ¶¶ 606-640 of the Master Complaint (Failure to Warn – Negligence); ¶¶ 699-720 (Breach of Implied Warranty); ¶¶ 801-824 (Negligent Misrepresentation/Marketing); ¶ 849 (Innocent Misrepresentation/Marketing); ¶¶ 866-880 (Negligence); and ¶¶ 881-903 (Negligent Undertaking), each of which is incorporated herein by reference in support of Plaintiff's claim under the North Carolina Product Liability Act. In addition, Plaintiff alleges the following facts specific to his claims: Plaintiff was prescribed and used Defendants' GLP-1 RA as intended. Plaintiff and Plaintiff's prescribing physician relied on Defendants' labeling and warnings, which failed to disclose

the severity and permanence of the gastrointestinal risks associated with the drug.  As a direct and proximate result of Defendants' inadequate warnings and product-related misrepresentations, Plaintiff suffered severe gastrointestinal injuries, including a small bowel obstruction, nausea, vomiting, abdominal pain, and abdominal distension, and sustained damages as alleged herein.

*** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.**

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?     N/A     . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.


Date:  January 9, 2026

By:    */s/ Sarah J. Foster*
        Sarah J. Foster, FL Bar No. 1018179
        Jeffrey L. Haberman, FL Bar No. 98522
        **SCHLESINGER LAW OFFICES, P.A.**
        1212 SE Third Avenue
        Fort Lauderdale, FL 33316
        Telephone: (954) 467-8800
        Fax: (954) 320-9509
        sarah@schlesingerlaw.com
        jhaberman@schlesingerlaw.com
        *Attorneys for Plaintiff*